UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NEIL JOHN MASLAR, | Case No. 20-11880 |
| Plaintiff, | David M. Lawson |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. _____/ | |

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 12, 13)**

Plaintiff Neil Maslar brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and a period of disability under the Social Security Act. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (ECF No. 12), the Commissioner's cross-motion for summary judgment (ECF No. 13), Plaintiff's reply (ECF No. 14), the Commissioner's sur-reply (with leave of the Court)[1] (ECF No. 17), and the administrative record (ECF No. 8, 16).

---

[1] Plaintiff was granted leave to file a response to the sur-reply, but he declined to do so. *See* Text-Only Order dated February 19, 2021.

For the reasons below, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 12), **GRANT** Defendant's motion for summary judgment (ECF No. 13), and **AFFIRM** the Commissioner's decision.

**I.  DISCUSSION**

    **A.  Background and Administrative History**

Plaintiff alleges his disability began on December 1, 2015, at the age of 49. (ECF No. 8, PageID.37). On June 19, 2017, he applied for disability insurance benefits. In his disability report, he listed ailments which diminished his ability to work, including HIV, diabetes, anxiety, sleep apnea, and high blood pressure. (*Id.* at PageID.204). His application was denied on October 12, 2017. (*Id.* at PageID.37).

Following the denial, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). On October 10, 2018, ALJ Timothy C. Scallen held a hearing, at which Plaintiff and a vocational expert ("VE"), Pauline Pegram, testified. (*Id.* at PageID.76-96). Ms. Pegram later responded to a series of interrogatories raised by the ALJ. (*Id.* at PageID.263-73). On August 9, 2019, the ALJ issued an opinion which determined that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at PageID.37-49). Plaintiff later submitted a request for review of the hearing decision which the Appeals Council denied on May 7, 2020. (*Id.* at

PageID.27-30). Thus, the ALJ's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on July 10, 2020.

**B.     The Administrative Decision**

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2015, the alleged onset date. (ECF No. 8, PageID.39). At **Step 2**, the ALJ found that Plaintiff had the following severe impairments: sciatic; diabetes mellitus, type 2; generalized anxiety disorder; and obesity. (*Id.* at PageID.39-40). At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.* at PageID.40-41). **Between Steps 3 and 4** of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity ("RFC")[2] and determined that Plaintiff had the RFC "to perform medium work . . . except occasional climbing of stairs and ramps; but no climbing of ladders, ropes, or scaffolds; frequent stooping and crouching; simple, routine, repetitive tasks; and occasional interaction with the public." (*Id.* at PageID.41-47). At **Step 4**, the ALJ determined that Plaintiff was unable to

---

[2] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

3

perform any past relevant work. (*Id.* at PageID.47). At **Step 5**, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined there were existing jobs in significant numbers within the national economy that Plaintiff could perform, such as laboratory equipment cleaner, kitchen helper, and hand packager. (*Id.* at PageID.47-48). The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since December 1, 2015, the alleged onset date. (*Id.* at PageID.48).

  C.  **Framework for Disability Determinations**

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; (4) can return to past relevant work; and (5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. §§ 404.1520, 416.920.[3] The

---

[3] Citations to the regulations or Social Security Rulings are to those effective on the date of the application for disability benefits or the ALJ's decision, where appropriate, unless otherwise indicated.

4

Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that there is work available in the national economy the claimant can perform. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five.") (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 148 (6th Cir. 1990)).

### D. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the

court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Even so, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

E.  **Analysis**

In his opening brief, Plaintiff appears to make four arguments for remand of his case to the Commissioner: (1) the ALJ erred in his assessment of Plaintiff's

subjective complaints, (2) the ALJ erred in finding Plaintiff did not meet or medically equal a listing, (3) the ALJ erred at Step Five in stating a hypothetical question that did not reflect the record as a whole, and (4) the ALJ erred in mechanically applying the Medical-Vocational Guidelines for a younger person rather than a person closely approaching advanced age. (ECF No. 12).

The Commissioner largely objects to the perfunctory nature of Plaintiff's arguments. Despite that position, she argues Plaintiff's arguments lack merit. (ECF No. 13).

In his reply brief, Plaintiff asserted a new argument: he was not given due process because he was not allowed to question the vocational expert after the expert's interrogatory responses were produced. (ECF No. 14).

The Commissioner was granted leave to file a sur-reply. In the sur-reply, she argued the due process argument was waived, and even considering it on the merits, should be rejected because Plaintiff had a chance to respond to the expert's interrogatory responses. (ECF No. 17). Along with the sur-reply, the Commissioner filed "Proffer Correspondence" that was not made part of the record at first. (ECF No. 16). The correspondence is a letter from the Social Security Administration about Plaintiff's case mailed to his attorney in this appeal. The letter references additional evidence the Commissioner proposes to enter into the

record, found at Exhibit 11E. (*Id.* at PageID.949). Exhibit 11E of the record is the interrogatory responses from the vocational expert. (ECF No. 8, PageID.263-73).

Plaintiff was given an opportunity to respond to the sur-reply, but he evidently declined to do so.

1. Subjective Statements Assessment

An issue about the ALJ's assessment of his subjective statements does not appear in a heading in Plaintiff's brief, but a large portion of his first argument (error at Step Three) is devoted to challenging that assessment. (ECF No. 12, PageID.912-16). Likely because this "argument" is imbedded within another argument, the Commissioner did not address it in full.[4] At any rate, because Plaintiff cited medical records and case law in support of his position, the undersigned will address it here.

The Sixth Circuit has explained that an ALJ's findings based on the credibility of the claimant are given great weight and deference. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007). Despite this deference, "an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Walters*, 127 F.3d at 531.

---

[4] The Commissioner provided some argument on the matter addressing another of Plaintiff's arguments. (ECF No. 13, PageID.935-36).

8

According to SSR 16-3p, evaluating an individual's alleged symptoms entails a two-step process that involves first deciding whether a claimant has an "underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." 2016 WL 1119029, at *2-3 (Mar. 16, 2017). The ALJ found the first step was satisfied because Plaintiff's medically determinable impairments "could reasonably be expected to cause the alleged symptoms." (ECF No. 8, PageID.43).

After step one is satisfied, when considering the intensity, persistence, and limiting effects of an individual's symptoms, an ALJ should consider these seven factors: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and, (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.[5] SSR 16-3p at *7-11. While an ALJ need not explicitly address all these factors,

---

[5] SSR 16-3p makes clear the focus is not on the claimant's propensity for truthfulness or character but on the consistency of her statements about the intensity, persistence, and limiting effects of symptoms with the relevant evidence. *See* SSR 16-3p, 2016 WL 1119029, at *10.

the ALJ should sufficiently articulate specific reasons for the credibility determination so that the claimant and any subsequent reviewer can "trace the path of the ALJ's reasoning." *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005); *see also Dutkiewicz v. Comm'r of Soc. Sec.*, 663 F. App'x 430, 433 (6th Cir. 2016) ("The ALJ was not required to explicitly discuss [claimant]'s work history when assessing his credibility. . . .").

Plaintiff argues that, although the ALJ used "this standard," he did not properly weigh the information in the record related to his back and lower extremity pain. (ECF No. 12, PageID.915). He asserts his allegations are supported by medical records documenting complaints of pain, restricted range of motion, and muscle spasms.

The wording of Plaintiff's argument, to say nothing of the substance, suggests he wants the Court to reweigh the evidence, which the Court cannot do.

Even if Plaintiff properly argued the subjective statements assessment was not supported by substantial evidence, the argument would fail. As an initial matter, the undersigned finds the ALJ adequately addressed the factors set forth in SSR 16-3p. The ALJ recounted Plaintiff's complaints and testimony, his activities of daily living, and the medical evidence. (ECF No. 8, PageID.42-43). The ALJ noted Plaintiff's back pain improved with an injection, the pain was intermittent, and objective examinations reflect intact motor strength and otherwise "relatively

10

mild findings." (*Id.* at PageID.44).  The ALJ emphasized his wide range of daily activities weighed against disability.  For example, Plaintiff can drive, complete household chores, and live independently.  The ALJ explained the allegations of medication side effects are not fully supported in the record considering he generally denied medication side effects.  (*Id.* at PageID.45).  Plaintiff did not address this evidence.

While Plaintiff's citations to treatment notes documenting his complaints of back and leg pain, muscle spasm, and some restricted mobility in the spine may support his subjective statements, they do not detract from the substantial evidence cited by the ALJ in support of his decision.  This decision should be affirmed.

        2.     Listings 12.06, 14.11, and 3.09

Plaintiff argues his "complaints regarding his symptoms are supported by objective medical evidence and thus, Plaintiff contends his impairments meet[] or medically equal[] the severity" of Listings 12.06 (anxiety and obsessive-compulsive disorders), 14.11 (human immunodeficiency virus infection), and 3.09 (chronic pulmonary hypertension).  (ECF No. 12, PageID.916).  Plaintiff then quoted the requirements from Listing 12.06.  After the quotation, he stated, "As stated above, Plaintiff's testimony and objective medical evidence shows that he has depressive mood disorder, anxiety, obstructive sleep apnea and which requires daily naps twice per day from one to two hours each." (*Id.* at PageID.916-17).

11

What is stated "above" in the brief relates to his back and leg pain addressed as part of the subjective statements argument, not a mental impairment, HIV, or hypertension. He did not quote from or otherwise address Listings 14.11 or 3.09.

"For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original); *see also Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004) ("When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency.") (citing *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987). Yet Plaintiff did not develop his argument that he meets or equals any of the listings. He did not present specific medical findings that satisfy or equate to the various tests of either listing. It is not for the Court to develop an argument on Plaintiff's behalf then address the merits of that argument. "[I]ssues adverted to in perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations omitted). As a result, the undersigned suggests Plaintiff's Listings argument be deemed waived.

### 3. Hypothetical to the VE and Due Process Claim

Plaintiff's next charge of error relates to Step Five of the sequential analysis. Citing and quoting exclusively from the colloquy between the ALJ and the VE at Plaintiff's administrative hearing on October 10, 2018, Plaintiff posits that the ALJ did not pose a "clear hypothetical" painting an accurate picture of Plaintiff's disability. (ECF No. 12, PageID.918-19).

The ALJ did not purport to pose a hypothetical question to the VE laying out all of Plaintiff's limitations at the administrative hearing. Instead, the ALJ opted to end the hearing and submit interrogatories to the VE at a later date, found at Exhibit 11E of the administrative record. (ECF No. 8, PageID.95-96). Therefore, Plaintiff's argument related solely to the ALJ's questioning of the VE at the administrative hearing has no basis in fact.

As mentioned above, after the Commissioner pointed out that the ALJ did not pose a hypothetical to the VE until the interrogatories, Plaintiff in reply argued for the first time he was denied due process because he was not given an opportunity to question the VE after he responded to the interrogatories. (ECF No. 14).

As a general rule, issues raised for the first time in a reply brief may be deemed waived. *See Scottsdale Ins. Co. v.* Flowers, 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. United States, Bethlehem Steel Corp.*, 284 F.3d

13

1261, 1274 (Fed. Cir. 2002)). This is because the opposing side rarely has an opportunity to respond when an issue is not raised in the opening brief. Because the Commissioner had a chance to respond by way of a sur-reply, the undersigned will address the due process argument.

The Commissioner's point that Plaintiff had the chance to address the interrogatory responses is correct. In the letter addressed to Plaintiff's attorney proposing the admission of the interrogatory responses, the Social Security Administration informed the attorney of her client's rights:

> You may submit any or all of the following: written comments concerning the evidence, a written statement as to the facts and law you believe apply to the case in light of that evidence, and any additional records you wish me to consider. You may also submit written questions to be sent to the author(s) of the new evidence.
>
> You may also request a supplemental hearing at which you may also have the opportunity to appear, testify, produce witnesses, and submit oral statements concerning the facts and law.
>
> If [the ALJ does] not receive a response from you within 10 days of the date you receive this letter, [the ALJ] will assume that you do not wish to submit any additional items.

(ECF No. 16, PageID.949-50). Thus, Plaintiff was expressly given a meaningful opportunity to submit questions to the VE, or to submit any other documentation in response to the interrogatory responses. *See Perschka v. Comm'r of Soc. Sec.*, 411

14

F. App's 781, 788 (6th Cir. 2010) (no due process violation in part where claimant "had an opportunity to respond to the VE's conclusions" in interrogatories).

Plaintiff did not file a response contesting the letter or arguing counsel never received the letter. "There is a presumption that, in the absence of evidence to the contrary, a notice provided by a government agency is deemed to have been placed in the mail on the date shown on the notice and received within a reasonable time thereafter." *Loubriel v. Fondo del Seguro del Estado*, 694 F.3d 139, 143 (1st Cir. 2012) (citations omitted). The letter dated May 15, 2019, was mailed to Plaintiff's counsel at the same address listed for her in the case caption of this case. With no evidence to the contrary, the undersigned presumes she received the letter.

Accordingly, the undersigned finds these arguments provide no basis for remand.

4. Age Categories

Plaintiff argues the ALJ erroneously applied the "younger person" age category to Plaintiff's claim even though he became a person "closely approaching advanced age" shortly after the alleged disability onset date. (ECF No. 12, PageID.920-21).

"Age" is defined in 20 C.F.R. § 404.1563(a) as being the claimant's "chronological age." The Commissioner considers an individual's "chronological age in combination with [a claimant's RFC], education, and work experience." 20

15

C.F.R. § 404.1563(a). Age is a factor in determining an individual's ability to adjust to other work, where "advancing age" is considered "to be an increasingly limiting factor in the person's ability to make such an adjustment." *Id.* Under 20 C.F.R. § 404.1563(b), the Social Security Administration "will not apply the age categories mechanically in a borderline situation." The Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") states that a borderline situation exists when: (1) the claimant's age is within a few days or months of a higher age category; and (2) use of the higher age category would result in a finding of disability. Borderline Age, HALLEX I-2-2-42, 2016 WL 1167001, at *1 (Mar. 25, 2016).

As the Commissioner notes, Plaintiff's argument misconstrues the ALJ's decision. The ALJ acknowledged Plaintiff was 49 years old, which is a "younger individual," on the alleged disability onset date but he later changed age category to "closely approaching advanced age." (ECF No. 8, PageID.47). The ALJ cited both rules 203.22 (for a person closely approaching advanced age) and 203.29 (for a younger individual) in his decision. (*Id.* at PageID.48); 20 C.F.R. Pt. 404, Subpt. P, App. 2. The ALJ therefore did not "mechanically apply" the rule for a younger individual in this case. He applied both rules as required by the regulations. Plaintiff did not argue any error related to the ALJ's use of the rule for a person

16

closely approaching advanced age. Given Plaintiff's apparent misreading of the ALJ's decision, the undersigned finds his argument lacks merit.

### F. Conclusion

Plaintiff has the burden of proof on his statements of error. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). Plaintiff has not shown legal error that would upend the ALJ's decision. For all these reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 12), **GRANT** Defendant's motion for summary judgment (ECF No. 13), and **AFFIRM** the Commissioner of Social Security's decision.

### II. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 19, 2022                 s/Curtis Ivy, Jr.
                                                       Curtis Ivy, Jr.
                                                       United States Magistrate Judge